# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

## CENTRAL DIVISION

| | |
|---|---|
| **ARBOR WOOD PRODUCTS, INC.,** a Kansas corporation, <br><br> **Plaintiff,** <br><br> v. <br><br> **PILLAR MACHINE, LLC,** a Utah limited liability company, <br><br> **Defendants.** | **MEMORANDUM DECISION AND ORDER GRANTING MOTION TO SET ASIDE DEFAULT CERTIFICATE** <br><br> **Case No. 2:18-cv-875** <br><br> **Judge Clark Waddoups** |

Defendant moves to set aside a default certificate entered against it on December 10, 2018 (ECF No. 12). Defendant acknowledges that it was personally served with a copy of Plaintiff's Summons and Complaint and "made a mistake and was neglectful by not hiring counsel sooner to respond to the Complaint . . . ." (ECF No. 13, at ¶¶ 4, 8). For the reasons discussed below, the court sets aside the default certificate entered against Defendant.

## BACKGROUND

Plaintiff manufactures and sells high-end cabinets and other millwork products used in residential and commercial construction. (ECF No. 2, at ¶ 7). On or about December 17, 2016, Plaintiff and Defendant entered into a written agreement whereby Defendant agreed to sell and install a "Haunch Cutter" machine in Plaintiff's facility. (*Id.* at ¶¶ 8–9). After some delay, Defendant delivered and installed the machine, but Plaintiff alleges that it did not, and to this day does not, work properly. (*Id.* at ¶¶ 10–20). On November 6, 2018, Plaintiff filed its Complaint against Defendant, asserting causes of action for breach of contract, breach of warranty, and rescission. (*Id.* at ¶¶ 22–38). Plaintiff's Summons and Complaint was personally served on

Defendant's registered agent (who is also its CEO and President) on November 13, 2018. (ECF No. 13-1 at ¶2). When Defendant failed to timely answer the Complaint by December 4, 2018, Plaintiff moved this court to enter default against Defendant on December 6, 2018. (ECF No. 11). A default certificate was thereafter entered against Defendant on December 10, 2018 (ECF No. 12). Plaintiff filed its motion to set aside that certificate on January 21, 2019.

## LEGAL STANDARD

Rule 55(c) of the Federal Rules of Civil Procedure states that a "court may set aside an entry of default for good cause." The "good cause" requirement is a lesser standard than what is required to set aside a default judgment. *See Polaski v. Colo. Dep't of Transp.*, 198 Fed. Appx. 684, 685 (10th Cir. 2006). In determining whether good cause exists, a court may consider "whether the default was the result of culpable conduct of the defendant, whether the plaintiff would be prejudiced if the default should be set aside, and whether the defendant presented a meritorious defense." *Hunt v. Ford Motor Co.*, 65 F.3d 178, at * 3 (10th Cir. 1995) (citations omitted). The court is not required to consider each of these factors, nor is it limited only to these factors. *Id.* Underlying the court's analysis is the recognition that "[d]efault judgments are disfavored by courts." *Polaski*, 198 Fed. Appx. at 685.

## DISCUSSION

It is undisputed that Defendant received proper service of the Summons and Complaint but negligently failed to timely answer the same. Plaintiff asserts that this constitutes willful and culpable that does not support a motion to set aside default. While the Tenth Circuit has recognized that "receiving actual notice of complaint and failing to respond is culpable conduct," this is not determinative of whether an entry of default should stand. *See Hunt*, 65 F.3d 178, at * 3 (citing with approval *Meadows v. Dominican Republic,* 817 F.2d 517, 521 (9th Cir. 1987)).

Indeed, the other two factors weigh in favor of setting aside the default. First, Plaintiff will not be prejudiced if the default is set aside. While Plaintiff alleges that "is prejudiced every day that the machine . . . remains idle in [its] facility," it clearly has a duty to mitigate such damages. Also, because Defendant moved to set aside default within approximately six weeks of it being entered, any alleged damage or prejudice is minimal. Thus, the only real consequence that Plaintiff will suffer if the default is set aside is that it must pursue its case, and "[d]efending a case is not unreasonably prejudicial." *Strupp v. Atlas Glob., LLC*, 2018 WL 3405269, at *2 (D. Utah July 12, 2018). Second, Defendant has presented a meritorious defense to Plaintiff's claim. Attached to Defendant's Reply in Support of Motion to Set Aside Default Certificate (ECF No. 13) is its Answer to Plaintiff's Complaint, in which it denies all of Plaintiff's allegations and asserts that it completed all agreed-upon work. (ECF No. 13-1).

Defendant has a meritorious defense and moved reasonably quickly to set aside the default, and Plaintiff will not be substantially prejudiced if that default is set aside. These facts, combined with the court's disfavor of default judgments, establishes that setting aside default is appropriate in this matter. Accordingly, the court hereby **ORDERS** that the default certificate entered against Defendant in this matter be set aside. Defendant is ordered to file its Answer to Plaintiff's Complaint within five days of the entry of this Order.

DATED this 8th day of March, 2019.

BY THE COURT:

Clark Waddoups
United States District Judge